IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANDRES MAGANA ORTIZ, | ) | CIVIL 17-00210 LEK-KJM |
| Plaintiff, | ) | |
| vs. | ) | |
| JEFFERSON B. SESSIONS III, Attorney General, et al., | ) | |
| Defendants. | ) | |

**ORDER DENYING PETITIONER'S MOTION
FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner Andres Magana Ortiz's ("Magana Ortiz") Petition for Writ of Habeas Corpus; Emergency Request for Stay of Deportation ("Petition"), filed May 10, 2017. [Dkt. no. 1.] This Court has construed the portion of the Petition requesting a stay of deportation as a motion seeking a temporary restraining order ("TRO") and a preliminary injunction. The portion of the Petition seeking a TRO ("Motion") came on for hearing on May 15, 2017. Respondents Jefferson Sessions, III, U.S. Attorney General, Department of Justice; John F. Kelley, Secretary, U.S. Department of Homeland Security ("DHS"); Erik Bonnar, Director, DHS, San Francisco Immigration and Customs Enforcement ("ICE"); Michael A. Samaniego, Assistant Field Director, Detention and Removal Operation, ICE (collectively "Respondents") filed a response in opposition to the Motion ("Response") on May 15, 2017, prior to the hearing. After

careful consideration of the Motion, supporting and opposing memoranda, the arguments of counsel, and the relevant legal authority, Magana Ortiz's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

I. **The Petition**

The following background is set forth in Magana Ortiz's verified Petition. See Petition at pg. 20 (Verification). Respondents apparently do not dispute his recitation of the factual background, although at the hearing Respondents' counsel pointed out some arguably relevant facts that are not included in the Petition.

Magana Ortiz is a forty-three-year-old Mexican citizen who entered the United States twenty eight years ago without inspection. [Petition at pg. 2.] He is currently married to Brenda Josphine Cleveland-Reynolds, who he met in June 2012, began living with in August 2015, and married on January 16, 2016. [Id. at ¶ 9.] Magana Ortiz has three children who were born in the United States. The oldest of the three, Victoria Magana Ledesma, will turn twenty-one in August 2017. [Id. at ¶ 11.]

DHS initiated removal proceedings against Magana Ortiz by filing a Notice to Appear ("NTA") on March 22, 2011 with the Immigration Court in Honolulu. He was charged with being

2

removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182.[1] DHS alleged four factual grounds to support the charge of removal. Magana Ortiz's counsel admitted the four allegations, and the Immigration Court found, by clear and convincing evidence, that Magana Ortiz was removable. The Immigration Judge held a merits hearing and, on December 22, 2011, denied Magana Ortiz's applications for relief, including his request for voluntary departure in lieu of removal. [Petition at ¶¶ 12-15.] The Immigration Judge found that Magana Ortiz "failed to establish

---

[1] Section 1182(a)(6)(A)(i) states:

> (a) Classes of aliens ineligible for visas or admission
>
> Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:
>
> . . . .
>
> (6) Illegal entrants and immigration violators
>
> (A) Aliens present without admission or parole
>
> (i) In general
>
> An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible.

that his removal would result in exception and extremely unusual hardship to his qualifying relatives" – *i.e.* his three children. [Id. at ¶ 15.]  Magana Ortiz contends that his counsel at the time failed to develop a sufficient record of hardship at the hearing before the Immigration Judge.  [Id.]

Magana Ortiz appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's decision on February 7, 2014.  Magana Ortiz filed a petition with the Ninth Circuit for review of the BIA decision.  The Ninth Circuit granted his motion to stay his removal pending the resolution of his petition for review.  However, the Ninth Circuit dismissed the petition on May 12, 2014 for lack of jurisdiction.  [Id. at ¶¶ 16, 18.]

While Magana Ortiz's appeals were pending, the United States Citizenship and Immigration Services ("USCIS") granted Magana Ortiz an employment authorization from November 11, 2013 to November 19, 2014.  [Id. at ¶ 17.]  On September 9, 2014, Magana Ortiz filed a Form I-246 Application for a Stay of Deportation or Removal with DHS.  It was granted on September 23, 2014 for one year.  Magana Ortiz filed a second I-246 on September 2, 2015 ("9/2/15 I-246"), requesting a one-year extension, but no action was taken.  [Id. at ¶ 19.]  He filed a third I-246 on November 2, 2016, but that application was denied on March 21, 2017.  [Id. at ¶ 21.]

4

While the 9/2/15 I-246 was pending, Mrs. Cleveland-Reynolds filed an I-130 Relative Petition for Alien Relative ("Cleveland-Reynolds I-130"). DHS received the Cleveland-Reynolds I-130 on March 29, 2016. The Cleveland-Reynolds I-130 seeks to have Magana Ortiz classified as Mrs. Cleveland-Reynolds's immediate relative pursuant to INA § 201(b), 8 U.S.C. § 1151(b). [Petition at ¶ 10.] Magana Ortiz alleges that the Cleveland-Reynolds I-130 has been pending "beyond normal processing times." [Id.]

On March 22, 2017, Magana Ortiz received a Notice to Removable Alien, which required him to report to DHS for removal to Mexico on April 18, 2017. On April 4, 2017, Magana Ortiz filed a fourth I-246, and he filed a supplement on April 17, 2017 (collectively "4/4/17 I-246"). Respondent Bonnar denied the 4/4/17 I-246 on April 18, 2017. [Id. at ¶¶ 22-23.] In the 4/4/17 I-246, Magana Ortiz acknowledged that he has to return to Mexico to obtain an immigrant visa, but he requested a nine-month stay because: the Cleveland-Reynolds I-130 is still pending; and, when Ms. Magana Ledesma turns twenty-one in August 2017, she can file her own I-130 petition for Magana Ortiz. [Id. at ¶ 30.] According to the Petition, if either the Cleveland-Reynolds I-130 or Ms. Magana Ledesma's anticipated I-130 is granted, Magana Ortiz, "will be able to file an I-601 provisional waiver [application] which upon adjudication by USCIS will enable him to

return to Mexico with a waiver of the 10 year bar for unlawful presence."[2] [Id.]

Also on April 18, 2017, Magana Ortiz appeared before DHS for departure, but Ms. Magana Ledesma posted a bond on his behalf, and he agreed to leave the United States by May 16, 2017. But for the posting of the immigration bond, Magana Ortiz would have been held at the Federal Detention Center pending removal to Mexico. [Id. at ¶¶ 22, 24.] Magana Ortiz therefore alleges that he "is in 'custody' or 'constructive custody'." [Id. at ¶ 31.] He therefore brings his arguments in a petition for habeas corpus

---

[2] Pursuant to § 1182(a)(9)(B)(i), the following aliens "are ineligible to receive visas and ineligible to be admitted to the United States":

    (9)  Aliens previously removed

    . . . .

    (B)  Aliens unlawfully present

        (i)  In general

        Any alien (other than an alien lawfully admitted for permanent residence) who–

            . . . .

            (II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States,

    is inadmissible.

The Court will refer to this as "the ten-year ban."

relief, and he states that he has not filed any other petition for habeas relief regarding the other decisions described in the Petition. [Id. at pg. 18, ¶ VI.]

The Petition alleges that Magana Ortiz's three children "will suffer immediate and irreparable financial and emotional hardship and instability" if he is removed at this time. [Id. at ¶ 25.] It also alleges that the coffee farmers who hire Magana Ortiz to maintain their farms "will also suffer great hardship" if he is removed at this time. [Id. at ¶ 28.] Further, his removal "will have a devastating economic and psychological effect" on him and "his United States citizen family." [Id. at pg. 18, ¶ VII.] Magana Ortiz represents that "[h]e is not a threat to the community and has always reported to USDHS when requested." [Id.]

The Petition asks this Court to:

1) stay his removal for nine months;

2) find that Ortiz and his family have been denied their right to due process under the Fifth Amendment to the United States Constitution because of the failure to process the Cleveland-Reynolds I-130 within the normal processing time;

3) order Respondents to adjudicate the Cleveland-Reynolds I-130 on an expedited basis;

4) find that Respondents abused their discretion and denied Magana Ortiz due process when they denied his 4/4/17 I-246;

5) find that Magana Ortiz, his three children, and Mrs. Cleveland-Reynolds are being denied substantive and procedural due process because Respondents previously granted Magana Ortiz stays of removal, and his removal at this time based

on the improper denial of the 4/4/17 I-246 would cause them immediate and irreparable harm;

6)   stay Magana Ortiz's removal for the period of time requested in the 4/4/17 I-246 and enjoin Respondents from cancelling or otherwise voiding Magana Ortiz's immigration bond;

7)   issue a writ of habeas corpus requiring Respondents to show cause why Magana Ortiz should not be discharged from the custody that he is currently under and why he should not be allowed to remain in the United States while the Petition is pending;

8)   if Respondents do not show cause, issue a stay of his removal and an injunction prohibiting his removal until this Court rules on the Petition and Ortiz exhausts any appeals from this Court's ruling; and

9)   order any other appropriate relief.

[Id. at pgs. 16-19.]

## II.   The Mandamus Action

On May 5, 2017, Mrs. Cleveland-Reynolds and Magana Ortiz ("Mandamus Plaintiffs"), filed their Verified Complaint for Mandamus and for Declaratory Relief against Defendants John F. Kelley, Secretary, DHS; James McCament, Acting Director, USCIS; Gerald Heinauer, Director, Nebraska Service Center, USCIS ("Mandamus Complaint" and "Mandamus Defendants"). [Cleveland-Reynolds, et al. v. Kelley, et al., CV 17-00207 LEK-KJM ("Mandamus Action"), dkt. no. 1.]  The Mandamus Complaint is based on the same factual allegations as the Petition in the instant case.  The Mandamus Complaint seeks: 1) a writ of mandamus requiring the Mandamus Defendants to process the Cleveland-Reynolds I-130 in according with the applicable laws

and regulations;[3] 2) a declaratory judgment that the Mandamus Defendants' refusal to process the Cleveland-Reynolds I-130 is arbitrary, violates the Mandamus Plaintiffs' due process rights, and violates the applicable laws and regulations. [Mandamus Complaint at § I, ¶ 1.]

The summons was issued on May 8, 2017. [Dkt. no. 4.] On May 12, 2017, the Mandamus Plaintiffs filed a Proof of Service, stating that the Mandamus Complaint and the summons were served on the Mandamus Defendants "by personal delivery or USPS Priority Mail." [Dkt. no. 6.] The Mandamus Defendants have not yet entered an appearance in the case. The Mandamus Plaintiffs have not moved for any preliminary relief. However, because of the substantial overlap between the two cases, this Court finds that they are related and has considered the instant Motion in the context of both cases.

## **STANDARD**

This Court has described the applicable standards as follows:

> In general, the standard for a temporary restraining order or a preliminary injunction is as follows:
>
> > "[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

---

[3] According to the Mandamus Complaint, the Cleveland-Reynolds I-130 is pending with the DHS, USCIS, Nebraska Service Center. [Mandamus Complaint at § I, ¶ 1.]

such relief." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). The standard for granting a preliminary injunction and the standard for granting a temporary restraining order are identical. <u>See</u> <u>Haw. Cnty. Green Party v. Clinton</u>, 980 F. Supp. 1160, 1164 (D. Haw. 1997); Fed. R. Civ. P. 65.

<u>Sakala v. BAC Home Loans Servicing, LP</u>, CV. No. 10-00578 DAE-LEK, 2011 WL 719482, at *4 (D. Hawai`i Feb. 22, 2011) (alteration in original).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Am. Trucking Ass'ns v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)) (explaining that, "[t]o the extent that [the Ninth Circuit's] cases have suggested a lesser standard, they are no longer controlling, or even viable" (footnote omitted)); <u>see also</u> <u>Winter</u>, 129 S. Ct. at 374-76 (holding that, even where a likelihood of success on the merits is established, a mere "possibility" of irreparable injury is insufficient to warrant preliminary injunctive relief, because "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

<u>Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 685 F. Supp. 2d 1123, 1128-29 (D. Hawai`i 2010) (footnote and some citations omitted) (alterations in original). The Ninth Circuit has held that its "serious questions" version of the sliding scale test for preliminary injunctions

> survives <u>Winter</u> to the extent that, a court may
> grant a preliminary injunction where the plaintiff
> (1) "demonstrates . . . that serious questions
> going to the merits were raised and the balance of
> hardships tips sharply in the plaintiff's
> favor[,]" and (2) satisfies the other <u>Winter</u>
> factors, likelihood of irreparable injury and that
> the injunction is in the public interest.
> <u>Alliance for the Wild Rockies v. Cottrell</u>, 632
> F.3d 1127, 1134–35 (9th Cir. 2011) (citation and
> block quote format omitted) (some alterations in
> original).

<u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 47 F. Supp. 3d 1069, 1075-76 (D. Hawai`i 2014) (alterations in <u>Pac. Radiation</u>) (some citations omitted). "Regardless of which standard applies, the movant always has the burden of proof on each element of the test." <u>Hernandez v. Spencer</u>, CIV. NO. 15-00256 SOM-RLP, 2015 WL 4999699, at *1 (D. Hawai`i Aug. 20, 2015) (citations and quotation marks omitted).

## **DISCUSSION**

The gravamen of the Motion is the issue of whether there is irreparable harm. The Petition asserts that Magana Ortiz's family will suffer extreme hardship if he is removed at this time. It also alleges that Magana Ortiz's business and the farming community will suffer hardship. However, the United States Supreme Court has recognized that "[a]lthough removal is a serious burden for many aliens, it is not categorically irreparable." <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009). Thus, "the burden of removal alone cannot constitute

11

the requisite irreparable injury."[4]  Id.

At the hearing on the Motion, Magana Ortiz – through his counsel – argued that the I-130 application process for an alien spouse involves an interview of both spouses and, if Magana Ortiz is removed at this time, he will not be available for an interview. He acknowledges that the legitimacy of his marriage to Mrs. Cleveland-Reynolds is at issue in the Cleveland-Reynolds I-130. As stated by Respondents:

> Of particular relevance here is the need to investigate the bona fides of [Magana Ortiz]'s marriage. Under 8 U.S.C. § 1255(e), an alien (like [Magana Ortiz]) who married after the commencement of removal proceedings and sought adjustment of status on the basis of that marriage is presumed to have married to "procur[e] the alien's admission as an immigrant." Sharma v. Holder, 633 F.3d 865, 872 (9th Cir. 2011) (citing 8 C.F.R. § 204.2(a)(1)(iii)(B)(2-3, 5-6)). . . .

[Response at 7 (some alterations in Response).] Magana Ortiz argues that, if he is not able to provide additional evidence in support of his marriage through an interview, the Cleveland-Reynolds I-130 may be denied, and he would be ineligible to apply for a waiver of the ten-year ban.

---

[4] Nken involved a stay pending an appeal of a removal order. 556 U.S. at 421-22. The Supreme Court noted that "[t]here is substantial overlap between [the factors governing stays] and the factors governing preliminary injunctions." Id. at 434. One of the factors governing the issuance of a stay is "'whether the applicant will be irreparably injured absent a stay.'" Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

12

First, there is no evidence or legal authority which indicates that the Cleveland-Reynolds I-130 would be denied based upon Magana Ortiz's removal and unavailability for an interview. At the hearing on the Motion, Respondents' counsel represented that USCIS would continue to process the Cleveland-Reynolds I-130 based on, *inter alia*, an interview of Mrs. Cleveland-Reyonlds. Cf. Nken, 556 U.S. at 435 ("Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return . . . ."). Further, 8 C.F.R. § 204.2(a)(1) states, in pertinent part:

> A United States citizen or alien admitted for lawful permanent residence may file a petition on behalf of a spouse.
>
> . . . .
>
> (iii) Marriage during proceedings-general prohibition against approval of visa petition. A visa petition filed on behalf of an alien by a United States citizen or a lawful permanent resident spouse shall not be approved if the marriage creating the relationship occurred on or after November 10, 1986, and while the alien was in exclusion, deportation, or removal proceedings, or judicial proceedings relating thereto. Determination of commencement and termination of proceedings and exemptions shall be in accordance with § 245.1(c)(9) of this chapter, except that the burden in visa petition proceedings to establish eligibility for the exemption in § 245.1(c)(9)(iii)(F) of this chapter shall rest with the petitioner.
>
> . . . .

(B) Evidence to establish eligibility for the bona fide marriage exemption. **The petitioner should submit documents** which establish that the marriage was entered into in good faith and not entered into for the purpose of procuring the alien's entry as an immigrant. The types of documents the petitioner may submit include, but are not limited to:

(1) Documentation showing joint ownership of property;

(2) Lease showing joint tenancy of a common residence;

(3) Documentation showing commingling of financial resources;

(4) Birth certificate(s) of child(ren) born to the petitioner and beneficiary;

(5) Affidavits of third parties having knowledge of the bona fides of the marital relationship (Such persons may be required to testify before an immigration officer as to the information contained in the affidavit. Affidavits must be sworn to or affirmed by people who have personal knowledge of the marital relationship. Each affidavit must contain the full name and address, date and place of birth of the person making the affidavit and his or her relationship to the spouses, if any. The affidavit must contain complete information and details explaining how the person acquired his or her knowledge of the marriage. Affidavits should be supported, if possible, by one or more types of documentary evidence listed in this paragraph); or

> (6) Any other documentation which is relevant to establish that the marriage was not entered into in order to evade the immigration laws of the United States.

(Emphasis added.) Thus, the review of the legitimacy of Magana Ortiz's marriage will be based, in large part, on the review of documents. Even if Magana Ortiz is removed as scheduled, Mrs. Cleveland-Reynolds – or another person acting on Magana Ortiz's behalf – will still be able to submit documentation supporting the legitimacy of the marriage.

This Court recognizes that it would be optimal to have Magana Ortiz interviewed as part of the consideration of the Cleveland-Reynolds I-130. However, the loss of an optimal opportunity does not constitute irreparable harm in the absence of a TRO. Magana Ortiz merely speculates that the Cleveland-Reynolds I-130 is less likely to be granted without statements that he would provide during his interview. This type of speculative injury is not sufficient to satisfy the irreparable harm requirement. See Winter, 555 U.S. at 22 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury" (citation and quotation marks omitted)).

This Court has great sympathy for Magana Ortiz and his family and recognizes that his removal at this time will cause sadness, economic and emotional distress, and hardship for his

family, business, and community but, based on the controlling case law, this Court is constrained to find that these effects do not reach the level and force of evidence of irreparable harm. Nor can this Court find that Magana Ortiz's unavailability for an interview constitutes irreparable harm because Mrs. Cleveland-Reynolds will be able to proceed with the I-130 and I-601 processes. This Court therefore FINDS that Magana Ortiz has failed to establish that irreparable harm is likely to occur unless this Court grants the Motion.

Because a plaintiff seeking a TRO must establish all of the <u>Winter</u> factors to be entitled to relief, Magana Ortiz's failure to establish irreparable harm is fatal to his Motion, and it is not necessary for this Court to address whether Magana Ortiz has established the other <u>Winter</u> factors. This Court therefore CONCLUDES that Magana Ortiz is not entitled to the TRO that he requests in the Motion.

## **CONCLUSION**

On the basis of the foregoing, the portion of Magana Ortiz's May 10, 2017 Petition for Writ of Habeas Corpus; Emergency Request for Stay of Deportation that seeks a temporary restraining order is HEREBY DENIED.

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAII, May 22, 2017.



       /s/ Leslie E. Kobayashi  
      Leslie E. Kobayashi  
      United States District Judge

**ANDRES MAGANA ORTIZ VS. JEFFERSON B. SESSIONS III, Attorney General, et al; CIVIL 17-00210 LEK-KJM; ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**